Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-11-00613-CR

The **STATE** of Texas,
Appellant

v.

Refugio Angel **LOZANO**,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 04-CRS-78
Honorable Ana Lisa Garza, Judge Presiding

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
           Karen Angelini, Justice
           Marialyn Barnard, Justice

Delivered and Filed:  September 21, 2011

DISMISSED FOR LACK OF JURISDICTION

This is an attempted appeal by the State of Texas from a trial court order granting appellee Refugio Angel Lozano's writ of habeas corpus.  The order from which the State attempts to appeal was signed July 8, 2011.  Accordingly, the State's notice of appeal was due on or before July 28, 2011, twenty days from the date the order was signed.  *See* TEX. R. APP. P. 26.2(b); TEX. CODE CRIM. PROC. art. 44.01(d) (West Supp. 2010).  However, the State did not file its notice of appeal until July 29, 2011.  Moreover, the State did not timely file a motion to

extend time to file the notice of appeal, which would have been due on August 12, 2011. *See* TEX. R. APP. P. 26.3.

Because the notice of appeal appeared to be untimely, on August 29, 2011, we issued a show cause order requiring the State to show cause why the appeal should not be dismissed for lack of jurisdiction. The State filed a response on September 8, 2011. In its response, the State admits it filed the notice of appeal on July 29, 2011, but claims it was timely pursuant to the rules governing the computation of time for deadlines. We disagree.

Although we agree with the State that when computing time for purposes of filing deadlines, the day the order is signed is not included, but the last day of the relevant time period is included. *See* TEX. R. APP. P. 4.1(a). Accordingly, in this case, in computing the twenty day deadline for the State's notice of appeal, we would not include July 8th, the date the trial court's signed the order, but we would include the 20th day. Excluding July 8th, but including the 20th day thereafter results in the notice of appeal being due July 28, 2011, not July 29, 2011, as asserted by the State. Given the State's admission that its notice of appeal was filed July 29th, and considering the twenty-day deadline and the rules for computing time, we hold the State's notice of appeal was one day late.

This court does not have jurisdiction to consider an appeal that was not timely filed. *See* *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Therefore, because the State's notice of appeal was untimely, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Do Not Publish